### In re OFFSHORE CARRIER AND LINER SERVICE, INC., Debtor,

### MARINE OFFICE OF AMERICA CORPORATION, A DIVISION OF CONTINENTAL INSURANCE COMPANY, Plaintiff,

### v.

### Stuart J. RADLOFF, Trustee of the Estate of Offshore Carrier and Liner Service, Inc., Archer-Daniels Midland Company and American River Transportation Company, Defendants.

**Bankruptcy No. 87–01020–BKC–JJB.**
**Adv. No. 87–0145–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 8, 1988.

---

Stuart J. Radloff, Clayton, Mo., Trustee.

Richard S. Bender, Clayton, Mo., for Trustee.

Elmer Price, St. Louis, Mo., for Archer-Daniels Midland Co.

Francis X. Buckley, Jr., Allen D. Allred, St. Louis, Mo., for Marine Office of America Corp.

Paul H. Lauber, Godfrey, Ill., D. Raymond Raney, Webster Groves, Mo., for Offshore Carrier and Liner Service.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The motion for summary judgment of American River Transportation Company (ARTCO) having been heard by this Court and the matter taken under submission and now having been duly considered, the Court enters the following Findings of Fact and Conclusions of Law.

Offshore Carrier and Liner Service, Inc. filed its voluntary petition under Chapter 7 on April 10, 1987. The Debtor had operated a small barge company. In its operation of that business, Offshore chartered a barge (Barge Number ADM 4818) from ARTCO. Pursuant to the barge charter agreement entered into between these parties, Offshore was to provide and maintain insurance during the period of the agreement.

On March 7, 1987, during the term of the charter, Barge ADM 4818 sank and was determined to be a total loss by the insurer, Marine Office of America Corporation (MOAC). MOAC has filed this interpleader action and has deposited $243,750.00 into this Court's registry.[1] It named as defendants in the action the Trustee in Bankruptcy for the estate of Offshore, ARTCO and Archer-Daniels Midland Company (ADM).[2]

ARTCO has moved for summary judgment. The Trustee has asserted a right to the proceeds in excess of the fair market value of the vessel. ARTCO argues that as a matter of law it is entitled to the whole amount of the proceeds.

Under the Barge Charter Agreement, insurance was to be arranged as follows:

"Hull insurance providing coverage in respect of the barge(s) for not less than that afforded by the American Institute Hull Clauses (January 18, 1970) including the full Inchmaree Clause and four-forths collision liability in the amount of *$250,000.00* (the agreed value of the barge, or of each barge, as the case may be, for the purposes of this Charter) shall be procured by and maintained at the expense of *Charterer* for the account of Owner and Charterer as their interests may appear." (Underscore added to reflect blanks on the form agreement completed by the parties).

The clause was adopted with consideration given to maritime insurance law. The clause must be viewed with deference to that body of law. The type of insurance to be provided was a valued insurance policy. "In practice virtually all marine policies are

---

1. MOAC deducted $6,250.00 from the policy limit of $250,000. Apparently, this was done to reimburse MOAC for premiums due.

2. ARTCO is the wholly owned subsidiary of Archer-Daniels Midland Company. It is admitted the claim to the proceeds is ARTCO's and not ADM's.

valued." T. Schoenbaum, *Admiralty and Maritime Law,* § 18–11, p. 584 (1987). It is the Court's conclusion that the parties to this agreement intended that the charterer provide a valued insurance policy.

In compliance with that intention, the Debtor contracted with MOAC for insurance in Barge ADM 4818. ARTCO was added as an "Additional Assured and Loss Payee" under the Debtor's existing policy. The insurance policy limited coverage to the value agreed between the vessel owner and the charterer, where such agreement exists (with a maximum value of $250,000.00).

The intent of the clause set out above is to pay the vessel owner an amount not greater than the agreed value where there has been an agreement as to value between the owner and the charterer. The fair market value of the vessel is irrelevant.

Having concluded the intent of the parties to the Barge Charter Agreement and to the contract of insurance was to provide the vessel owner with valued insurance coverage for the amount agreed in the barge charter agreement, it remains to be determined if the subsequent filing of bankruptcy had any impact upon the right of ARTCO to the proceeds.

As the Insured, the Debtor enjoyed an interest in the insurance contract. The Debtor's interest became property of the bankruptcy estate upon commencement of this case. However, by virtue of the Barge Charter Agreement, and by operation of law, the value of the Debtor's interest in the insurance policy is limited by the interest claimed by the Owner of the vessel. See *Collier on Bankruptcy,* Vol. 4, ¶ 541.12, 15th Ed., 1979.

The Owner of the vessel is listed as the loss payee under the insurance policy, and, as Owner of the insured property, holds an insurable interest. The value of the Owner's interest under the policy is $250,000.00 as agreed to by the Owner and the Debtor in the Barge Charter Agreement. Therefore, the dollar value of the Debtor's interest, as Insured, under the policy is no greater than the proceeds which may remain after the loss payee (Owner) is paid the agreed value of the insured property. The agreed value being $250,000.00, and the proceeds of the valued policy being $250,000.00, the value of the Debtor's interest in the policy is zero.[3] Neither Bankruptcy law, nor principles of equity will operate in these circumstances to require a perversion of the contracts' terms to reduce the value of the Owner's interest to the fair market value of the insured property.

In sum, there are no issues of fact to be determined and summary judgment is appropriate in this case. Judgment will be entered, by separate Order of this Court in favor of ARTCO, said judgment to be reduced by the amount of premiums due MOAC.

ARTCO has requested this Court sanction the Trustee and his counsel pursuant to Rule 9011. The Trustee was represented by counsel and each pleading and paper was signed by counsel. Thus, Movant requests sanctions against the Trustee as a represented party. See Bankruptcy Rule 9011. This Court considers sanctions under the Rule to be an extraordinary remedy.

In the matter sub judice, the Trustee and his counsel were clearly within the bounds of appropriate conduct. This Court declines to sanction the conduct of the Trustee and the motion of ARTCO to do so shall be overruled.

---

**3.** Pursuant to the terms of the contract of insurance this sum would be reduced by insurance premiums due at the time of the loss of the barge. MOAC has objected to the motion for summary judgment unless this Court allows this reduction.